UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIGMA EQUIPMENT CORP.,

                Plaintiff,

-against-

ROCKY MOUNTAIN BODY WORKS AND CO.,

                Defendant.

**ORDER**

22-CV-02164 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 16, 2022, Rocky Mountain Body Works and Co. ("Defendant") filed a Notice of Removal intending to remove this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 2, "Not. of Removal;" Doc. 2-1, "Compl.").

For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

On or about January 27, 2022, Sigma Equipment Corp. ("Plaintiff") filed a Complaint commencing this action against Defendant in the Supreme Court of the State of New York, County of Westchester. (Not. of Removal ¶ 1; *see generally* Compl.). Plaintiff alleges that the parties entered into a contract by which Defendant agreed to purchase machines from Plaintiff for a total of $68,920.00. (Compl. ¶ 11). Plaintiff maintains that, although it has performed all services required and Defendant made the initial down payment of $22,300, Defendant reneged on the deal, failed to make the remaining payments, tried to renegotiate the terms of the agreement, and had PayPal refund the $22,300 down payment. (*Id*. ¶¶ 11-18). Plaintiff presents two claims for relief: (1) breach of contract seeking $68,920.00 plus interests and costs; and (2) in the alternative, unjust

enrichment for "a sum to be determined at trial but believed to exceed $75,000.00, and any such further relief as this court deems just and proper." (*Id*. ¶¶ 22-33).

While Defendant argues that service has not yet been completed in accordance with N.Y. C.P.L.R. § 308(4), it concedes that it received notice of the suit when a copy of the Complaint was left at its principal's residence on February 17, 2022. (Not. of Removal ¶ 2). Defendant argues that this Court has subject-matter over this dispute because: (1) complete diversity exists between the parties (*id*. ¶¶ 8-10); and (2) Plaintiff seeks, in his alternative quasi-contract claim for relief, damages unknown but "believed to exceed $75,000.00 . . . ." (*id*. ¶¶ 6-7).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "[T]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). This requirement "is not an exacting standard," *Turban v. Bar Giacosa Corp.*, No. 19-CV-01138, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019), but "the Court is not required to presume that the bare allegations in the complaint

are a good faith representation of the actual amount in controversy," *Pine v. T Mobile Corp. HQ*, No. 19-CV-02583, 2019 WL 2866714, at *2 (S.D.N.Y. July 3, 2019); *see also Weir v. Cenlar FSB*, No. 16-CV-08650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) ("[T]he jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible.").[1]

Plaintiff complains here that the parties had a contract. The value of that contract was, according to Plaintiff, $68,920.00. (Compl. ¶ 11). That is more than $6,000 below the statutory minimum to invoke diversity jurisdiction. As this Court is required to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the conclusory claim—without any factual predicate or explanation—that a quasi-contract claim must exceed $75,000.00 when the contract itself was worth $68,920.00, falls short of establishing by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See, e.g.*, *Gargano v. Murphy*, No. 22-CV-00242, 2022 WL 227234, at *2 (E.D.N.Y. Jan. 26, 2022) (dismissing *pro se* action seeking $1,500,000 in damages where he offered "no facts from which the Court can infer that the amount in controversy in fact exceeds $75,000"); *Kurland & Assocs., P.C. v. Glassdoor, Inc.*, No. 19-CV-08070, 2020 WL 4016816, at *2 (S.D.N.Y. July 16, 2020) ("[T]here must at least be plausible factual allegations—either in the underlying state court complaint or in the defendant's notice of removal—supporting a determination that the value of the claim exceeds" $75,000.00. (internal quotation marks omitted)); *Meyer, Suozzi, English & Klein, P.C. v. Higbee*, No. 18-CV-03353, 2020 WL 1140424, at *2 (E.D.N.Y. Mar. 9, 2020) (dismissing action, noting the plaintiff's

---

[1] "[C]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* Fed. R. Civ. P. 12(h)(3).

claim that damages "exceed the sum or value of $75,000," and concluding that the "boilerplate recital of the diversity jurisdiction statute is wholly conclusory and is not entitled to a presumption of truth" (internal quotation marks omitted)); *Pine*, 2019 WL 2866714, at *2 ("Plaintiff also fails to allege facts indicating to a reasonable probability that his claim is in excess of the sum or value of $75,000.00." (internal quotation marks omitted)); *Qader v. Citibank*, 927 F. Supp. 2d 86, 88 (S.D.N.Y. 2013) ("Qader does not articulate any theory that could lead to recovery of any amount from Citibank, or from any other actor, damages over the statutory limit of $75,000, let alone the claimed amount of $600,000."); *see also* 28 U.S.C. § 1446(c).

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

**SO ORDERED:**

Dated:   White Plains, New York
         March 21, 2022

PHILIP M. HALPERN
United States District Judge